**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DANIELLE BARRON,

      Plaintiff,

   v.

LIFE INSURANCE COMPANY OF NORTH
AMERICA,

      Defendant.

Civil Action No. 2:26-cv-4352

**COMPLAINT**

1. Plaintiff Danielle Barron brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., against Defendant Life Insurance Company of North America to recover long-term disability benefits wrongfully denied under an employee welfare benefit plan sponsored by Plaintiff's employer, Laboratory Corporation of America Holdings. This action is brought under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), to recover benefits due, to enforce rights under the terms of the Plan, and to clarify rights to future benefits under the terms of the Plan. Plaintiff reserves all rights under ERISA § 502(a) and § 502(g), 29 U.S.C. § 1132(a) and (g).

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because it arises under the laws of the United States, specifically ERISA.

3. This Court also has subject matter jurisdiction under ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), which confers jurisdiction on the district courts of the United States over civil actions brought under ERISA § 502(a).

4. Venue is proper in this District under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b). Defendant maintains an office and conducts business at 50 South 16th Street, Two Liberty Place, Philadelphia, Pennsylvania 19102, and therefore may be found in this District within the meaning of 29 U.S.C. § 1132(e)(2).

5. Plaintiff Danielle Barron is an adult individual residing at 12707 W Rovey Ave, Litchfield Park, Arizona 85340. At all times relevant to this Complaint, Plaintiff was employed by Laboratory Corporation of America Holdings and was a participant in and beneficiary of the employee welfare benefit plan at issue.

6. Defendant Life Insurance Company of North America maintains an office and conducts business at 50 South 16th Street, Two Liberty Place, Philadelphia, Pennsylvania 19102.

7. Defendant issued, insured, funded, administered, and/or made benefit determinations under the disability coverage at issue.

8. At all times relevant to this Complaint, Plaintiff's employer, Laboratory Corporation of America Holdings, sponsored an employee welfare benefit plan that provided long-term disability ("LTD") benefits to eligible employees, including Plaintiff (the "Plan").

9. The Plan is an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), and is governed by ERISA.

10. The LTD benefits under the Plan are provided under policy number LK-0980074.

11. Plaintiff's claim for LTD benefits under the Plan was assigned claim number 13713621-01.

12. At all relevant times, Plaintiff was a participant in and beneficiary of the Plan within the meaning of ERISA § 3(7) and (8), 29 U.S.C. § 1002(7) and (8), and was entitled to the benefits and protections afforded by the Plan and ERISA.

13. Plaintiff was employed as a Cytotechnologist.

14. Plaintiff's date last worked was August 21, 2023.

15. Plaintiff became unable to perform the material duties of Plaintiff's occupation due to Long-COVID / Chronic Fatigue Syndrome with cognitive communication deficit.

16. Plaintiff's functional limitations prevented Plaintiff from performing the material duties of Plaintiff's occupation as required by the Plan.

17. Plaintiff submitted medical and other claim information to Defendant supporting Plaintiff's disability and entitlement to benefits under the Plan.

18. Plaintiff has satisfied all conditions precedent to receipt of benefits under the Plan, or any such conditions have been waived, excused, or otherwise satisfied.

19. Plaintiff submitted a claim for LTD benefits under the Plan.

20. By letter dated February 7, 2025, Defendant issued an initial adverse benefit determination denying Plaintiff's claim for LTD benefits. As stated in the February 7, 2025 denial letter, Defendant advised: "After completing our review of your claim, we are unable to approve your claim for benefits."

21. Plaintiff timely appealed the initial adverse benefit determination in accordance with the Plan and 29 C.F.R. § 2560.503-1.

22. By letter dated October 3, 2025, Defendant issued a final adverse benefit determination upholding the denial of Plaintiff's claim for LTD benefits.

23. Plaintiff has exhausted all administrative remedies required under the Plan and 29 C.F.R. § 2560.503-1.

## STANDARD OF REVIEW

24. Plaintiff contends that Defendant's adverse benefit determination should be reviewed de novo. Plaintiff does not concede that the Plan contains a valid, enforceable, and applicable grant of discretionary authority sufficient to alter the default de novo standard of review applicable to claims brought under ERISA § 502(a)(1)(B).

25. To the extent Defendant contends that arbitrary-and-capricious or abuse-of-discretion review applies, Plaintiff denies that contention, preserves all arguments for de novo review, and alternatively alleges that Defendant's adverse benefit determination was arbitrary and capricious, an abuse of discretion, unsupported by substantial evidence, contrary to the terms of the Plan, and erroneous as a matter of law.

COUNT I — CLAIM FOR BENEFITS UNDER ERISA § 502(a)(1)(B)

26. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

27. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), authorizes a plan participant or beneficiary to bring a civil action to recover benefits due under the terms of the plan, to enforce rights under the terms of the plan, and to clarify rights to future benefits under the terms of the plan.

28. At all relevant times, Plaintiff was disabled within the meaning of the Plan and was entitled to LTD benefits under the terms of the Plan.

29. Defendant's denial of Plaintiff's claim for LTD benefits was wrongful and contrary to the terms of the Plan.

30. As a direct and proximate result of Defendant's wrongful denial, Plaintiff has been deprived of LTD benefits to which she is entitled under the terms of the Plan.

31. Plaintiff is entitled to recover all past-due LTD benefits from the date of termination of benefits through the date of judgment, together with prejudgment interest, attorney's fees and costs under ERISA § 502(g), 29 U.S.C. § 1132(g), and such other relief as the Court deems just and proper.

COUNT II — CLARIFICATION OF RIGHTS TO FUTURE BENEFITS UNDER ERISA § 502(a)(1)(B)

32. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

33. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), authorizes a plan participant or beneficiary to bring a civil action to clarify rights to future benefits under the terms of the plan.

34. Plaintiff remains disabled within the meaning of the Plan and continues to be entitled to LTD benefits under the terms of the Plan going forward, subject to the Plan's continuing-disability provisions.

35. Plaintiff seeks a declaration that she remains entitled to LTD benefits going forward under the terms of the Plan, subject to the Plan's continuing-disability provisions, through the maximum benefit period available under the Plan.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant the following relief:

A. Past-due benefits from the date of termination through the date of judgment;

B. Prejudgment interest on past-due benefits;

C. A declaration that Plaintiff remains entitled to LTD benefits going forward under the terms of the Plan, subject to the Plan's continuing-disability provisions;

D. Attorney's fees and costs under ERISA § 502(g) (29 U.S.C. § 1132(g)); and

E. Such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL

Plaintiff respectfully requests a trial on the administrative record.


Respectfully submitted,


/s/Nicholas Feden
Nicholas Feden
Feden Law Group PLLC
Attorney ID: 307902
711 West Ave.
Jenkintown, PA 19046
Tel. 267-234-7465
nfeden@fedenlawgroup.com

Attorney for Plaintiff